**KUTAK ROCK LLP**
Peter J. Barrett (VSB No. 46179)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
(804) 644-1700
peter.barrett@kutakrock.com
*Counsel for BMO Harris Bank N.A.*

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

IN RE:  TIMOTHY J. JUSTICE,                    Case No.  18-13232-KHK
                                               Chapter 7
                    Debtor.

## MOTION FOR EXAMINATION AND
## <u>PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004</u>

BMO Harris Bank N.A. ("<u>BMO Harris</u>"), requests the entry of an Order, substantially in the form of **Exhibit A** attached hereto, pursuant to Rule 2004 of the Federal Rules of Bankruptcy (the "<u>Rule(s)</u>"), compelling the production of certain documents in the possession of Timothy J. Justice (the "<u>Debtor</u>") and/or Central Services Heating and Air Conditioning Company (the "<u>Company</u>" and together with the Debtor, the "<u>Obligors</u>") and authorizing the examination of the Debtor, and in support thereof, states as follows:

### <u>Background</u>

1.      The Debtor is the owner of the Company.

2.      BMO Harris is the lender under that certain Loan and Security Agreement dated March 25, 2015 executed by the Obligors.

3.      The collateral covered by the Loan and Security Agreement is a 2015 International Durastar 4000 Services (SN 1HSMKAAN4FH574405) (the "<u>Collateral</u>") owned by the Company.  The Collateral is not property of the Debtor's bankruptcy estate.

4.     The Obligors are in default under the Loan and Security Agreement.  Despite repeated attempts prior to and after the Debtor's bankruptcy filing, BMO Harris has been unable to locate the Collateral.

5.     Liquidation of the Collateral pursuant to the terms of the Loan and Security Agreement and state law will allow BMO Harris to reduce the indebtedness owed by the Obligors and establish its deficiency claim in the Debtor's bankruptcy case.

## Relief Requested

6.     The examination and limited production of documents requested herein are appropriate pursuant to Rule 2004.  Pursuant to Rule 2004, a party in interest may seek the examination of a person or entity and/or the production of documents when such information relates to the acts, conduct, property, liabilities or financial condition of the debtor.  Fed. R. Bankr. P. 2004(a)-(b).  A third party who has a relationship with the debtor may be subject to a Rule 2004 examination when the examination relates to the debtor's assets.  *In re Ionosphere Clubs, Inc.,* 156 B.R. 414 (S.D.N.Y. 1993), *aff'd,* 17 F.3d 600 (2d Cir. 1994).

7.     As set forth above, locating, obtaining possession of, and ultimately liquidating the Collateral will reduce the indebtedness of the Obligors and liquidate BMO Harris's unsecured claim in the Debtor's bankruptcy case.

8.     Accordingly, BMO Harris seeks an Order compelling that within 14 days of the entry of such an order, each of the above-referenced entities be required to produce the requested documentation.

9.     The above issues relate directly to the acts, conduct, or property of the Debtor and the liabilities and financial condition of the Debtor, and may affect the administration of the Debtor's estate.

2

10.    BMO Harris is also requesting authorization to conduct an examination of the Debtor in connection with the documents to be received, as well as certain matters related to the Company and the Collateral.  Such examination shall occur at a time and location mutually agreed upon by the parties, but in no event, later than January 18, 2019, unless otherwise agreed to by BMO Harris.

**WHEREFORE**, BMO Harris requests the Court enter an Order: (i) compelling that, within 14 days of the entry of such an order, the Obligors produce the requested documentation; (ii) compelling the Debtor to submit to an examination by BMO Harris at a time and place to be agreed upon, but which examination shall occur no later than January 18, 2019, unless otherwise agreed to by BMO Harris; and (iii) granting such other and further relief as the Court deems just and proper.

**BMO HARRIS BANK N.A.**

By:  /s/ Peter J. Barrett
Counsel

**KUTAK ROCK LLP**
Peter J. Barrett (VSB No. 46179)
901 East Byrd Street, Suite 1000
Richmond, VA  23219
Telephone: (804) 644-1700
peter.barrett@kutakrock.com
  *Counsel to BMO Harris Bank N.A.*

3

## CERTIFICATE OF SERVICE

Pursuant to the Local Rules of this Court, I hereby certify under penalty of perjury that a true and correct copy of the foregoing was sent via CM/ECF, certified mail and/or first-class mail, on December 12, 2018, as follows:

Jeffery T. Martin, Jr., Esq.
Henry & O'Donnell, P.C.
300 N. Washington St.
Suite 204
Alexandria, VA 22314

Timothy James Justice
4399 Patriot Park Ct.
Fairfax, VA 22030-4333

Central Services Heating and Air Conditioning Company
c/o Timothy James Justice, Registered Agent
13849 Park Center Road, Suite B
Herndon, Virginia 22079

Janet M. Meiburger
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101-5726

John P. Fitzgerald, III
Office of the U.S. Trustee - Region 4
1725 Duke Street
Suite 650
Alexandria, VA 22314

By: /s/ Peter J. Barrett
Counsel

4

**EXHIBIT A**

**KUTAK ROCK LLP**
Peter J. Barrett (VSB No. 46179)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
(804) 644-1700
peter.barrett@kutakrock.com
*Counsel for BMO Harris Bank, N.A.*

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

IN RE:  TIMOTHY J. JUSTICE,                    Case No.  18-13232-KHK
                                               Chapter 7

                Debtor.

## ORDER GRANTING MOTION FOR EXAMINATION AND
## PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004

THIS MATTER comes before the Court upon the *Motion for Examination and Production of Documents Pursuant to Rule 2004* (the "Motion") filed by BMO Harris Bank N.A. ("BMO Harris") seeking an order compelling the production of certain documents from Timothy J. Justice (the "Debtor") and Central Services Heating and Air Conditioning Company. (the "Company" and together with the Debtor, the "Examinees") and compelling the oral examination of the Debtor, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. It appearing that the Motion was properly served upon all necessary parties, that no objection was timely filed to the Motion, and that good cause exists as set forth in the Motion, **IT IS ORDERED, ADJUDGED AND DECREED THAT**

1.      The Motion is hereby granted.

2.      The Examinees shall produce the documents requested pursuant to Exhibit B to the Motion.

4830-7604-6466.1

3.      Upon request from BMO Harris, the Debtors shall submit to an examination by BMO Harris at a time and place to be agreed upon, but which examination shall occur no later than January 18, 2019, unless otherwise agreed to by BMO Harris.

4.      All documentary evidence shall be produced at Kutak Rock LLP, 901 East Byrd Street, Suite 1000, Richmond, VA 23219, within 14 days of entry of this Order.

5.      BMO Harris, in its discretion, is authorized to issue one or more Subpoena Duces Tecums in furtherance of the relief provided for herein.

6.      The Clerk shall serve copies of this Order to those parties not receiving service via CM/ECF.


ENTERED:   _____          _____
                                    UNITED STATES BANKRUPTCY COURT JUDGE


Order submitted by:


/s/ Peter J. Barrett
**KUTAK ROCK LLP**
Peter J. Barrett (VSB No. 46179)
901 East Byrd Street, Suite 1000
Richmond, VA  23219
Telephone: (804) 644-1700
peter.barrett@kutakrock.com
  *Counsel to BMO Harris Bank N.A.*

4830-7604-6466.1

**EXHIBIT B**

4830-7604-6466.1

## DEFINITIONS AND INSTRUCTIONS

1.      "All documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

2.      "Collateral" shall mean that certain 2015 International Durastar 4000 Services (SN 1HSMKAAN4FH574405)

3.      "Company" shall mean Central Services Heating and Air Conditioning Company.

4.      "Document" means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different for the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation tapes, cassettes, discs and records).

5.      "Relating to" means pertaining to, affecting, involving or being connected to.


## DOCUMENTS TO BE PRODUCED

1.      All documents relating to the Collateral.

2.      All documents relating to the current location of the Company's assets.

4830-7604-6466.1